Christine V. Williams
Counsel for Calista Corporation
Outlook Law, LLC
1016 West 6th Avenue, Suite 306
Anchorage, Alaska 99501
(907) 258-2200
christinewilliams@outlooklaw.com

Laura M. Foster
Counsel for Calista Corporation
Outlook Law, LLC
1016 West 6th Avenue, Suite 306
Anchorage, Alaska 99501
(907) 258-2245
laurafoster@outlooklaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CALISTA CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) Civil Case No. _____ |
| v. | )<br>) |
| U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTION

I.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive relief, declaratory relief, attorneys' fees, and other relief as this Court deems appropriate. Plaintiff Calista Corporation is seeking the disclosure and release of agency records improperly withheld by the U.S. Department of Health and Human Services ("HHS"). Plaintiff

1

also seeks a detailed index of the withheld documents that will lead to production or definitive reasons for non-production.

2. On January 25, 2016, Plaintiff submitted a FOIA request (the "Request"), through counsel, to the Defendant seeking records pertaining to grants disbursed by HHS and received by the Association of Village Council Presidents ("AVCP"). HHS acknowledged receipt of Plaintiff's request and referred it to the Administration for Children and Families ("ACF").

3. On April 11, 2017, ACF denied Plaintiff's FOIA request. Plaintiff appealed this decision on July 7, 2017.

4. To date, neither HHS nor ACF has substantively responded to Plaintiff's appeal or released any responsive records, as is required by statute. Plaintiff constructively exhausted administrative remedies under FOIA, 5 U.S.C. § 522(a)(6)(C), and now seeks an order from this Court requiring HHS to immediately produce the records sought in its FOIA request.

5. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understandings of the working of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Pres. Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The agency in this case has failed to disclose the requested documents or proffer sufficient justification for the withholding of said documents.

7. The agency has also failed to supply a *Vaughn* Index or sufficiently justify not supplying any details as mandated by appropriate authorities.

2

Case 3:18-cv-00246-JWS   Document 1   Filed 10/16/18   Page 2 of 8

## JURISDICTION AND VENUE

8. This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et. seq.*

10. This Court is the proper venue because Plaintiff's principal place of business is the State of Alaska, Anchorage. *See* 28 U.S.C. § 1391(e)(1)(C) (where defendant is the government or a government agent, a civil action may be brought where plaintiff resides if there is no real property at issue). Venue also is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

11. This Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 522(a)(4)(E).

## PARTIES

12. Plaintiff's principal place of business is located in Anchorage, Alaska.

13. Defendant HHS is a department of the executive branch of the United States Government and is an agency within the meaning of 5 U.S.C. § 552(f). ACF, to which HHS referred Plaintiff's request for records, is a component of HHS.

## FACTS

14. On January 25, 2016, Plaintiff submitted a request, through counsel, to HHS seeking records relating to grants disbursed by HHS to AVCP from the period of January 1, 2008, to January 25, 2016. Specifically, Plaintiff's request sought:

> (1) Documents relating to the denial of any funding request or the denial of any disbursements for funds or decisions that relate to the denial of any funding to a

3

flight school or a like entity with such denial being made to AVCP or its employees/directors;

(2) Documents relating to the funding source of a specific individual's salary, including but not limited to, any documents relating to whether such salary came from a grant related to Temporary Assistance for Needy Families ("TANF");

(3) Any allegations reported to HHS regarding the misappropriation or misuse of fund by AVCP and/or its directors/employees, to include any allegations regarding the misappropriation or misuse of funds dedicated to TANF; and

(4) Any requests for investigations reported to HHS regarding AVCP and/or TANF as it relates to AVCP or any of its directors.

15. Plaintiff's request specified that it was for all responsive records dated between January 1, 2008 and January 25, 2016.

16. On January 25, 2016, Plaintiff received automated confirmation emails acknowledging HHS's receipt of the FOIA request and assigning Case Number 16-0291.

17. On January 26, 2016, HHS acknowledged receipt of Plaintiff's FOIA request and referred the matter to ACF.

18. By letter dated April 11, 2017, approximately fifteen months following Plaintiff's FOIA request, ACF denied Plaintiff's request for records ("the Denial").

19. ACF claimed that there was an open and ongoing investigation concerning the subject of Plaintiff's request. As such, ACF claimed that the requested records were subject to FIOA Exception (b)(7)(A) which permits the withholding of investigatory records compiled for law enforcement purposes when disclosure could reasonably be expected to interfere with enforcement proceedings. No additional information regarding the withheld records was provided.

4

20. On July 6, 2017, Plaintiff filed an administrative appeal of the Denial through counsel. This appeal requested that HHS provide:

(1) An explanation as to what articulable harm could be caused by release of the requested documents;

(2) A *Vaughn* Index or sufficiently detailed affidavits or declarations as to the types of documents withheld; and

(3) Any documents or information that could be "reasonably segregable" from exempt information.

21. By letter dated July 10, 2017, HHS advised Plaintiff that its administrative appeal dated July 6, 2017, had been received on July 7, 2017, and that it had been assigned number 2017-00062-A-OS. HHS was required to respond by *August 4, 2017*.

22. Through counsel, Plaintiff sent four (4) separate and repetitive requests for information regarding the status of Plaintiff's appeal. These status requests were sent via email on September 29, 2017, October 23, 2017, December 28, 2017, and April 19, 2018 respectively. Counsel also made additional requests telephonically. Neither HHS nor ACF responded to any of these status requests.

23. To date, neither HHS nor ACF has issued a decision regarding Plaintiff's administrative appeal.

24. To date, neither HHS nor ACF has produced an index identifying documents or that it has even conducted a search with due diligence.

25. FOIA requires agencies to "disclose any reasonably segregable portion of the record...after deletions of the portion which are exempt." 5 U.S.C. § 552(b). "[A]n agency cannot justify withholding an entire document simply by showing that it contains some exempt

5

material." *Mead Central, Inc., v. U.S. Dept. of Air Force*, 566 F.2d 242, 160 (D.C. Circ. 1977); *see also Public Citizen Health Research Group v. FDA*, 185 F3d. 898, 907 (D.C. Circ. 1999).

26. In this case, the agency has neither produced documents, redacted versions of documents, an index of documents, ***nor even responded adequately***.

27. HHS continues to wrongfully withhold the requested records from Plaintiff.

## CAUSE OF ACTION

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

28. Plaintiff incorporates allegations in paragraphs 1 through 27.

29. More than 20 days have passed since HHS received Plaintiff's administrative appeal, and it has not notified Plaintiff as to whether it will comply with the request.[1] Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request.

30. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A). HHS has withheld the sought-after documents and has failed to respond to Plaintiff's appeal of this decision.

31. The exception invoked by ACF in denying Plaintiff's initial request permits the withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 522(b)(7)(A).

---

[1] 5 USC 522(a)(6)(C)(i) Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

6

32. ACF failed to provide any documents responsive to Plaintiff's initial request and invoked the law enforcement exception with respect to the entirety of Plaintiff's request.

33. Defendant has improperly withheld the non-exempt documents and non-exempt portions of documents which must otherwise be disclosed unless they are inextricably intertwined with exempt portions. *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1087 (N.D. Cal. 2015) (citing *Mead Data Ctr., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C.Cir.1977)).

34. ACF has failed to meet its burden of establishing that all segregable portions of responsive documents have been disclosed. *Pacific Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir.2008).

35. It has been over seventeen months since ACF denied Plaintiff's FOIA request and over fourteen months since Plaintiff appealed the Denial. Assuming the documents requested by Plaintiff were compiled for law enforcement purposes and could reasonably be expected to interfere with enforcement proceedings at the time ACF issued the Denial, it is not clear whether the enforcement proceedings contemplated by 5 U.S.C. § 522(b)(7)(A) are ongoing.

36. The law enforcement exemption invoked by ACF is inherently "temporal in nature" and expires when disclosure no longer interferes with active law enforcement proceedings. *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, 83 F.Supp.3d 297, 304 (D.D.C. 2015) (citing *CREW v. U.S. Dep't of Justice*, 746 F.3d 1082, 1097 (D.C.Cir.2014)). Plaintiff's initial request was submitted on January 25, 2016, and Defendant has improperly invoked and continues to invoke the temporal law enforcement exemption.

7

## REQUESTED RELIEF

Wherefore, Plaintiff prays that this Court:

A. Order Defendant to conduct a thorough search for all responsive records;

B. Order Defendant to disclose all responsive records in their entireties and make copies available to Plaintiff;

C. Provide for expeditious proceedings in this action;

D. Maintain jurisdiction over this action until Defendant is in compliance with FOIA;

D. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

E. Grant such other relief as the Court may deem just and proper.

Dated: October 12, 2018

                Respectfully submitted,

                Christine V. Williams, AK Bar No. 0204007
                Outlook Law, LLC
                1016 West 6th Avenue, Suite 306
                Anchorage, Alaska 99501
                (907) 258-2200
                christinewilliams@outlooklaw.com

                Laura M. Foster, AK Bar No. 1809077 (Application to U.S. District Court for the District of Alaska Pending)
                Outlook Law, LLC
                1016 West 6th Avenue, Suite 306
                Anchorage, Alaska 99501
                (907) 258-2245
                laurafoster@outlooklaw.com